UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARION D. JOHNSON, et al.,

    Plaintiffs,

v.                                        Civil Action No. 2:07cv204

D & D HOME LOANS CORPORATION,
et al.,

    Defendants.

## ORDER AND OPINION

This matter is before the court on a motion to dismiss filed by defendants, Warren Robinson and D & D Home Loans Corporation, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the plaintiffs' failure to properly plead seven counts in the complaint. After examination of the briefs and record, the court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons set out herein, defendant's motion is **GRANTED** in part and **DENIED** in part.

### Factual and Procedural Background

In 2005, the plaintiffs, Marion and Vivian Johnson, owned property at 907 Elm Court in Norfolk, Virginia. After suffering some financial difficulties, the Johnsons contacted D & D Home Loans Corporation (D & D) in order to refinance their property and avoid foreclosure. Warren Robinson is the president of D & D and the Johnsons' complaint alleges that Mr. Robinson directed the Johnsons to deed their home to defendant Jason Washington as a security interest in exchange for using Washington's credit to refinance the home. The Johnsons

subsequently deeded their home to Mr. Washington. The deed was recorded in the Norfolk Circuit Court Clerk's Office on July 20, 2005. The Johnsons then made monthly payments to Mr. Washington. In March 2006, the Johnsons became delinquent in their payments to Mr. Washington, and were notified that Mr. Washington intended to evict them from the property.

The Johnsons filed suit in Circuit Court of the City of Norfolk. The defendants subsequently removed the case to federal court in accordance with 28 U.S.C. §§ 1441, asserting that this court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331. The complaint[1] alleges against defendants Warren Robinson and D & D:

> Count One: fraud, intentional misrepresentation, and deceit;
> Count Two: breach of contract (D & D only);
> Count Three: breach of fiduciary duty and negligence;
> Count Four: conversion;
> Count Five: unjust enrichment;
> Count Seven: breach of the implied covenant of good faith and fair dealing;
> Count Eight: conspiracy;
> Count Nine: violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Home Ownership & Equity Protection Act, 15 U.S.C. §§ 1602(AA), 1639, and Board Regulation Z, 12 C.F.R. §§ 226.31, 226.32;
> 1st Count Eleven: violation of Mortgage Broker Lender Act, Va. Code § 6.1-422 (D & D only);
> 2nd Count Ten: constructive trust and resulting trust; and
> 2nd Count Eleven: declaratory relief.

Mr. Robinson and D & D file their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging the Johnsons failed to state a claim for which relief can be granted with respect to Count One, Count Two, Count Seven, Count Eight, 2nd Count Ten, 1st Count Eleven, and 2nd Count Eleven and therefore, these counts should be dismissed.

---

[1] The complaint is incorrectly numbered and does not contain a Count Six and does contain two Counts Tens and two Count Elevens. For simplicity and clarify purposes, the Court will refer to the individual counts as they are stated above.

2

## **Standard of Review**

A complaint should not be dismissed for failing to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) if the factual allegations in the plaintiff's complaint are sufficient to raise a "reasonably founded hope" that the plaintiff will be able to make a case. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-69 (2007)[2]. The Supreme Court recently explained that "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation omitted); see also Jordan v. Alternative Res. Corp., 458 F.3d 332, 344-45 (4th Cir. 2006) (stating that a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist"). As a district court's role at the 12(b)(6) stage is to test the "legal sufficiency of the complaint, and not the facts in support of it," the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted). While the court must view the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Furthermore, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Markets, 213 F.3d at 180.

---

[2]The Supreme Court, in Bell Atl. Corp. v. Twombly, expressly abrogated the language, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," originating in Conley v. Gibson, 355 U.S. 41 (1957)), from Rule 16(b)(6) analysis. Twombly, 127 S. Ct. at 1969.

3

## Analysis

### I. Count Two: Breach of Contract

The defendants argue that a breach of contract claim cannot be asserted against either Mr. Robinson or D & D as neither were a party to the contract. In order to recover for breach of contract, the Johnsons must be able to prove

> the existence of [a] duly executed and enforceable agreement[]; performance, or offers to perform by plaintiffs in accordance with the terms of the contract[]; that the defendants failed to perform under or breach the agreement[]; that the breaches are the cause of the actual damages sustained by plaintiffs; and that those damages are recoverable under Virginia law.

Carley Capital Group v. Newport News, 709 F.Supp. 1387, 1396 (E.D. Va. 1989) (internal citations omitted). The defendants dispute the existence of a contract between D & D, Mr. Robinson and the Johnsons and only two paragraphs in the complaint allege a contractual relationship involving D & D or Mr. Robinson. The Johnsons allege that they "entered into a contractual relationship, with, or at direction of the Defendant, Warren Robinson, for the purpose of obtaining financial relief and assistance to avoid foreclosure proceedings." (Compl. ¶ 7). Additionally, the Johnsons allege that based upon the contractual relationship between D & D, Mr. Robinson, Mr. Washington, and others, the Johnsons expected to be able to repurchase their property. (Compl. ¶ 12). The documents attached to the complaint as the basis for the Johnsons lawsuit, including the "Contract for Deed of Real Property," only evidence a contractual relationship between the Johnsons and Mr. Washington. Additionally, any oral contract that may have existed between D & D, Mr. Robinson and the Johnsons would be barred by the statute of frauds. VA. CODE. § 11-2. The complaint, therefore, fails to sufficiently allege a breach of contract claim against D & D or Mr. Robinson in Count Two.

The Johnsons' argument that D & D and Mr. Robinson were third-party beneficiaries to

4

their contract with Mr. Washington is also without merit since third party beneficiaries cannot be sued for breach of contract. Third-party beneficiaries have no performance obligations under the contract and therefore, cannot breach the contract. The court finds that the defendants' motion to dismiss with respect to Count Two should be granted.

## II. Count Seven: Breach of the Implied Covenant of Good Faith and Fair Dealing

The defendants argue that Virginia law does not recognize a claim for breach of the implied covenant of good faith and fair dealing, and therefore, Count Seven should be dismissed. Under Virginia law, every contract contains an implied covenant of good faith and fair dealing; however, a breach of those duties only gives rise to a breach of contract claim, not a separate cause of action. See Charles E. Brauer Co. v. NationsBank of Va., N.A., 466 S.E.2d 382, 385 (Va. 1996) (holding that "the failure to act in good faith . . . does not amount to an independent tort" and "the breach of the implied duty . . . gives rise only to a cause of action for breach of contract"); see also L&E Corp. v. Days Inns of America, Inc., 992 F.2d 55, 59 n.2 (4th Cir. 1993) (noting that Virginia does not recognize an independent claim for breach of the implied covenant of good faith and fair dealing); JTH Tax, Inc. v. Whitaker, No. 2:07cv170, 2007 WL 2821830 (E.D. Va. Sept. 27, 2007) (Morgan, J.); Derthick v. Bassett-Walker, Inc., 904 F.Supp. 510, 522 (W.D. Va. 1995), aff'd, 106 F.3d 390 (4th Cir. 1997). Additionally, since the court determined that the Johnsons cannot raise a breach of contract claim against D & D and Mr. Robinson, a claim for a breach of the implied covenant of good faith and fair dealing would also not be possible. The defendants' motion to dismiss with respect to Count Seven, breach of the implied covenant of good faith and fair dealing, is granted.

## III. 1st Count Eleven: Virginia Mortgage Broker Lender Act

D & D argues, based upon Williams v. Equity Holding Corp., 498 F.Supp.2d 831 (E.D.

5

Va. 2007), that there is no private cause of action created by the Virginia Mortgage Lender and Broker Act (MLBA), Va. Code. § 6.1-431. Williams is inapposite here because the plaintiffs in Williams specifically sought damages pursuant to Va. Code § 6.1-431 and the Johnsons are seeking damages pursuant to Va. Code § 6.1-422. See Va. Code § 6.1-422.1(C) ("any party to a mortgage loan may enforce the provisions of this section or § 6.1-422"). The Johnsons have alleged that D & D acted as a mortgage broker, (Cmpl. ¶ 5,6), and D & D conceded that it was acting as a mortgage broker in this transaction, albeit for Mr. Washington. D & D's argument that they were acting as Mr. Washington's mortgage broker and not the Johnsons' is a factual dispute beyond the scope of a motion to dismiss under Rule 12(b)(6). See Eastern Shore Markets, 213 F.3d at 180. Therefore, Johnsons have properly pled a cause of action under Va. Code § 6.1-422 and the defendants' motion to dismiss with respect to the 1st Count Eleven is denied.

## IV.   2nd Count Ten: Constructive Trust and Resulting Trust

D & D and Mr. Robinson argue that constructive and resulting trusts are equitable remedies that the court may impose when no adequate remedy at law exists but they are not separate causes of action under Virginia law. The Johnsons' complaint has separate claims for fraud (Count One) and unjust enrichment (Count V), and the defendants assert that the court may impose a constructive or resulting trust as a remedy should the Johnsons prevail in those claims. The defendants rely upon Clarke v. Newell, No. 1:05cv1013, 2005 U.S. Dist. LEXIS 31053 (E.D. Va. Nov. 23, 2005), in which Judge Cacheris stated that the equitable remedies of a constructive trust and equitable trust "are not in and of themselves causes of actions but rather remedies for stated causes of action." Id. at *12. Judge Cacheris went on to hold that "to the extent that Plaintiff raises them as causes of action, they are dismissed" but "to the extent that

they are remedies resulting from the causes of action that Plaintiff otherwise affirmatively states in his Complaint, they should remain." Id. The court shall recognize the Johnsons' plea for constructive trust or resulting trust as a remedy but not as a separate cause of action.

V.  2nd Count Eleven: Declaratory Relief

The defendants argue that a separate count for declaratory relief is duplicative because the Johnsons pray for declaratory relief in Counts One, Two, and Five. The defendants do not dispute the availability of declaratory relief as a possible remedy but argue that it should not be a separate cause of action. It is within the court's discretion to grant declaratory relief and the remedy ought to be refused if another remedy would be more appropriate or effective under the circumstances. Clarke, 2005 U.S. Dist. LEXIS at *10. In Clarke, the district court dismissed the plaintiff's claim for relief on the basis that "adding a declaratory judgment to the list of Plaintiff's remedies will add little additional purpose in the resolution . . . since what is being decided here is simply a factual matter." Id. The court, however, added that "declaratory judgments are more appropriate for contractual cases where the meaning of the contract is at issue rather than the existence of one." Id. Declaratory relief, like constructive and resulting trusts, is a remedy available to the Johnsons and not a separate cause of action.

VI.  Rule 9(b)

D & D and Mr. Robinson argue that the Johnsons failed to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure for Count One, Count Eight and the 2nd Count Ten.

Rule 9(b) of the Federal Rules of Civil Procedure requires "the circumstances constituting fraud or mistake [to] be stated with particularity" in the pleadings. A complaint that fails "to specifically allege the time, place and nature of the fraud is subject to dismissal on a Rule

7

12(b)(6) motion." <u>Lasercomb America, Inc. v. Reynolds</u>, 911 F.2d 970, 980 (4th Cir. 1990). In <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776 (4th Cir. 1999), the Fourth Circuit recognized the four purposes of Rule 9(b):

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of. Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

<u>Id.</u> at 784. Thus, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." <u>Id.</u> A civil conspiracy claim in Virginia must also be pled with specificity and include "'some details of time and place and the alleged effect of the conspiracy.'" <u>Firestone v. Wiley</u>, 485 F.Supp.2d 694, 703-04 (E.D. Va. 2007) (quoting <u>Johnson v. Kaugars</u>, 14 Va. Cir. 172, 176 (Va. Cir. 1988)). Additionally, courts have held that should a plaintiff base his claim for constructive trust on fraud, then the complaint must specify the facts supporting the allegation of fraud with specificity. See <u>Levinson v. Massachusetts Mutual Life Ins. Co.</u>, No. 4:06cv086, 2006 U.S. Dist. LEXIS 83397 (E.D. Va. 2006) (Doumar, J.); <u>In re Nova Real Estate Inv. Trust</u>, 23 B.R. 62, 27 (Bankr. E.D. Va. 1982). This court has held that "the requirements of Rule 9(b) must be read in conjunction with Rule 8 of the Federal Rules of Civil Procedure, which establishes the general rules of pleading.... When the sufficiency of a complaint under Rule 9(b) is challenged, 'it is the duty of the Court to balance the requirements of each of the rules.'" <u>Sweeney Co. of Md. v. Engineers-Constructors, Inc.</u>, 109 F.R.D. 358, 360 (E.D. Va. 1986) (quoting <u>Picture Lake Campground v. Holiday Inns, Inc.</u>, 497 F. Supp. 858, 866 (E.D. Va. 1980)). Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading

8

"shall be freely given when justice so requires" and should a party fail to plead fraud with specificity, the court may allow that party to amend the complaint to satisfy the pleading requirements of Rule 9(b). See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (stating that leave to amend should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile").

### A. Count One: Fraud, Intentional Misrepresentation and Deceit

The defendants argue that the paragraphs alleging fraud lack the specificity required under Rule 9(b) because many of the paragraphs make conclusory allegations and the defendants cannot determine which allegations they are alleged to have made. Under Virginia law, actual fraud requires "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Flip Mortgage Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir. 1999) (quoting Winn v. Aleda Construction Co., 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)). The complaint alleges false representations made by D & D, Mr. Robinson and Mr. Washington of a material fact. Specifically, the Johnsons assert that D & D, Mr. Robinson and Mr. Washington told the Johnsons the only way to prevent foreclosure and the loss of their home was to use Mr. Washington as a private investor and in doing so, the Johnsons would not lose any rights, title or interest in their home. (Compl. ¶¶ 24, 25). The complaint also alleges that D & D, Mr. Robinson and Mr. Washington intentionally and knowingly made these statements with the intent to mislead because these defendants knew there was a high probability the Johnsons would be late on their payments. (Compl. ¶ 27). The Johnsons also allege they relied upon representations made by the defendants and lost their home as a result of that reliance. (Compl. ¶¶ 25, 30, 31).

9

Additionally, the Johnsons attached six exhibits including the Contract for Deed of Real Property, the HUD-1 Settlement Statement, the Offer to Purchase Real Estate and an appraisal, the payoff letter from NovaStar Mortgage for the property at issue, and the deed. These documents all list the specific dates they were signed, the specific parties involved in each part of the transaction as well as their respective roles in the transaction and the location of the property at issue. The court finds that the Johnsons have pled sufficient facts alleging fraud to put the defendants on notice so they are able to formulate a defense. Additionally, the court finds the Johnsons have pled sufficient facts alleging fraud to support the possible remedy of a constructive or resulting trust.

### B. Count Eight: Conspiracy

Under Virginia law, a civil conspiracy is "a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means." Hechler Chevrolet, Inc. v. General Motors Corp., 230 Va. 396, 402 (1985). To determine if the pleadings sufficiently state a cause of action for civil conspiracy, "the court must look to the allegations of that underlying wrong." Gallop v. Sharp, 179 Va. 335, 338 (1942); see also Eshebaugh v. Amoco Oil Co., 234 Va. 360 (1987). The Johnsons' conspiracy claim alleges that the defendants conspired to defraud the Johnsons of their property on Elm Street, and therefore, the underlying wrong is fraud. The court has already determined the Johnsons' complaint sufficiently alleges fraud. The complaint alleges that D & D and Mr. Robinson had a business relationship with Mr. Washington and the purpose of that relationship was to defraud the Johnsons. The Johnsons allege that D & D and Mr. Robinson worked with Mr. Washington in order to receive the title to the Johnsons' property. (Compl. ¶ 65) Additionally, the complaint states that Mr. Robinson told

the Johnsons to deed their property to Mr. Washington as a security interest in exchange for the use of Mr. Washington's credit to refinance the home, and Mr. Robinson had on-going business relations with Mr. Washington, and they worked together to acquire this property from the Johnsons to be resold to D & D and Mr. Robinson. (Compl. ¶ 10, 13). The court, therefore, finds the Johnsons have sufficiently pled conspiracy with the requisite specificity and denies the defendants' motion to dismiss with respect to Count Eight.

### Conclusion

As a result, defendants' motion to dismiss is **GRANTED** with respect to Count Two, Count Seven, 2nd Count Ten, and 2nd Count Eleven but denied with respect to the remaining counts.

The Clerk is **REQUESTED** to mail copies of this Order to the counsel of record.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 6, 2007